Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ROBERTO CASADO BERRÍOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | KLRA202400417 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: 12,616-24 |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2024.

El Sr. Roberto Casado Berríos (el "Recurrente"), miembro de la población correccional, comparece, por derecho propio, mediante el presente recurso de revisión judicial, y nos solicita que revisemos la determinación del Departamento de Corrección y Rehabilitación ("Corrección") de mantenerlo en custodia mediana. Según se explica a continuación, concluimos que procede la confirmación de la decisión impugnada.

I.

En mayo de este año, el correspondiente Comité de Clasificación y Tratamiento evaluó el nivel de custodia del Recurrente y determinó mantenerlo en custodia mediana (la "Determinación"). El Comité razonó que el Recurrente tiene un "*detainer* federal" y que la "escala de reclasificación de custodia arroja puntación para que … continúe en custodia mediana". El Comité resaltó que el Recurrente está detenido desde el **1992** y que

"cumplirá el mínimo de sentencia el 24 de enero de 2025 y el máximo de sentencia está tentativamente para el 12 de marzo de 2103".

El Comité consignó que, en el **2003**, se reclasificó al Recurrente a custodia **mínima**. No obstante, según expuso el Comité, **en el 2018, el Recurrente fue condenado en la jurisdicción federal** "por los delitos de *dangerous drugs* contemplados dentro de la ley RICO". En efecto, según un anejo incluido con el recurso, el Recurrente fue condenado por conspiración para poseer sustancias controladas con la intención de distribuirlas. Como consecuencia de ello, en el **2019**, se le reclasificó a custodia **máxima**. Un año luego, se le reclasificó a custodia **mediana**.

El Recurrente apeló la Determinación, como resultado de lo cual Corrección confirmó la misma. En la decisión recibida por el Recurrente el 26 de junio, Corrección expuso que su puntuación de 2 "indica un nivel de custodia mediana" por mediar una orden de detención. Expuso que "se le aplica la modificación no discrecional", relacionada con una orden según la cual "otra jurisdicción tiene la intención de asumir la custodia del confinado cuando este sea puesto en libertad". Corrección observó que la sentencia federal no sería extinguida hasta el 2028.

El 22 de julio, el Recurrente suscribió el recurso que nos ocupa. Arguye que debió ser reclasificado a custodia mínima a la luz de la puntuación que obtuvo en el formulario correspondiente. Plantea que "nunca tendrá que estar en una institución federal … y que la sentencia en el nivel estatal es mucho más extensa que la del nivel federal".

II.

En la evaluación de una solicitud de revisión judicial, los tribunales tienen que otorgar gran deferencia a las decisiones que toman las agencias administrativas, pues son éstas las que, de

ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).

Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y éstas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo a la totalidad de la prueba examinada. *Íd.* Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd.*

Por su parte, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd.*

En resumen, al ejercer nuestra facultad revisora, debemos considerar los siguientes aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están basadas en evidencia sustancial que surge del expediente, y (3) si las conclusiones de derecho fueron correctas. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

III.

El Plan de Reorganización Núm. 2 del 21 de noviembre de 2011, según enmendado, conocido como el Plan de Reorganización del Departamento de Corrección y Rehabilitación, 3 LPRA Ap. XVIII, autoriza a Corrección a reglamentar lo relacionado con la clasificación de los miembros de población correccional. Véanse, Artículos 4 y 5(a) y 5(c) del Plan de Reorganización Núm. 2 de 2011, *supra*; *Cruz v. Administración,* 164 DPR 341 (2005).

De conformidad con el referido Plan, Corrección aprobó el Reglamento 8281 (*Manual para la Clasificación de Confinados*, de 30 de noviembre de 2012, o el "Reglamento"). En su Sección 7, el Reglamento establece que un comité revisará periódicamente los niveles de custodia para los confinados, para lo cual se utilizará el *Formulario de Reclasificación de Custodia/Escala de Reclasificación de Custodia,* el cual está incluido como apéndice al Reglamento.

Para determinar la clasificación correspondiente, se utilizan renglones objetivos, lo cual arroja cierta puntuación numérica. Algunos de los renglones son, por ejemplo, gravedad de los cargos y sentencias actuales, historial de delitos graves previos, historial de fuga, acciones disciplinarias, edad y participación en programas y tratamiento. La evaluación de cada criterio arroja una puntuación, dependiendo, por ejemplo, del número de acciones disciplinarias previas, etc.

No obstante, el Formulario provee criterios adicionales, algunos discrecionales y otros no, los cuales, junto a la puntuación numérica, se utilizan para determinar el grado de custodia que finalmente se recomendará para determinado confinado o confinada. Por ejemplo, y en lo pertinente, el Formulario contempla un número de "modificaciones discrecionales para un nivel de custodia más alto" (por ejemplo, historial de violencia excesiva, riesgo de evasión, etc.), así como un número de "modificaciones discrecionales para un nivel de custodia más bajo" (por ejemplo, conducta excelente o estabilidad emocional).

La determinación administrativa sobre el nivel apropiado de custodia requiere sospesar adecuadamente, por un lado, el interés público de lograr la rehabilitación del confinado y mantener la seguridad institucional y, por el otro, el interés particular del confinado de permanecer en determinado, o moverse a otro, nivel de custodia. Sección 7 del Reglamento 8281; *Cruz, supra.*

Una determinación administrativa sobre nivel de custodia deberá sostenerse "siempre que no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial"; es decir, se sostendrá siempre que la decisión sea "razonable" y se haya respetado el procedimiento reglamentario aplicable. *Cruz*, 164 DPR a la pág. 355.

### IV.

Concluimos que procede la confirmación de la decisión recurrida, pues el Recurrente no demostró que la misma sea irrazonable o contraria a derecho.

El esquema reglamentario aplicable le impide a Corrección reclasificar al Recurrente a custodia mínima. El formulario relacionado con la clasificación inicial del confinado requiere que la custodia no sea menor a mediana cuando existe una orden de otra jurisdicción en conexión con una "sentencia pendiente a cumplir". Apéndice F del Reglamento, Sección III(C) (sobre modificaciones no discrecionales). Este es el caso del Recurrente, quien es objeto de un *detainer* federal por razón de una sentencia en esa jurisdicción que no se ha extinguido. Así pues, la determinación de Corrección es correcta a tenor con la reglamentación aplicable.

Adviértase, además, que las autoridades correccionales necesitan un amplio margen de discreción y flexibilidad para manejar los asuntos relacionados con la seguridad y rehabilitación de los miembros de la población correccional, por lo que nuestra intervención al respecto debe limitarse a situaciones en que la agencia ha incurrido en algún claro abuso de discreción o ha actuado ilegalmente. Véase, por ejemplo, *Cruz*, 164 DPR a las págs. 356-57; *Báez Díaz v. ELA*, 179 DPR 605, 623-24 (2010); *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 331 (2009).

### V.

Por los fundamentos antes expuestos, confirmamos la decisión impugnada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones